UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH SINGLETON** | **CIVIL ACTION** |
| **VERSUS** | **NO:  05-0388** |
| **N. BURL CAIN, WARDEN** | **SECTION: "S" (4)** |

### ORDER

**IT IS HEREBY ORDERED** that Kenneth Singleton's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, be **DISMISSED WITH PREJUDICE**.

The court has considered the complaint, the record, the applicable law, the report and recommendation of the magistrate judge, and Kenneth Singleton's objections to the magistrate judge's report and recommendation.  The objections to the magistrate judge's report and recommendation are **OVERRULED** for the following reasons.

Singleton objects to the magistrate judge's report and recommendation, asserting that he was deprived of effective assistance of counsel because 1) counsel failed to investigate in order to impeach the credibility of the State's witness, and 2) counsel was unprepared for trial because he relied on the offer of a plea agreement.

The only claim of ineffective assistance of counsel that is properly before the court is Singleton's claim that counsel was ineffective in proceeding to trial when two separate criminal

acts were joined in one bill of information.[1]  Singleton has filed no objections to this claim of ineffective assistance of counsel.

The magistrate judge concluded that Singleton's claims of ineffective assistance of counsel during trial, including counsel's failure to investigate, and at proceedings challenging the habitual offender adjudication are procedurally barred from review by this court, and Singleton has not met any exception to the procedural bar.  Singleton does not object to the magistrate judge's recommendation that the claims are procedurally barred.

Accordingly, the court approves the report and recommendation of the magistrate judge and adopts it as the opinion of the court.

New Orleans, Louisiana, this   7th   day of December, 2006.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1]  Singleton may have misunderstood the magistrate judge's discussion of the failure to investigate as an example in the analysis of whether the standard of United States v. Cronic, 104 S.Ct. 2039 (1984) or Strickland v. Washington, 104 S.Ct. 2052 (1984) applies in this case.